IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMIR NAJJARIN,     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4931 |
| FOUNTAINVIEW MOBIL CAR CARE, INC. and SAMIH NIMRI,     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

Defendant Fountainview Mobil Car Care, Inc. ("Fountainview") and its owner, Defendant Samih Nimri ("Nimri"), have a business plan that includes paying non-exempt employees on a day-rate basis, and not paying them an overtime premium for the hours worked over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Samir Najjarin ("Najjarin" or "Plaintiff") is one of the workers hired by Defendants on a day-rate basis and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's Claims

1. Najjarin worked for Defendants for approximately 20 years. Najjarin started with Defendants as a mechanic, and ended his tenure managing the operations of the Defendants' automobile service department. Until August of 2019, Plaintiff worked at Defendants' business

6 days per week, and after August of 2019, 4 days per week.

2. During the time he worked for the Defendants, Najjarin regularly worked in excess of 40 hours per week. When he worked 6 days per week, Plaintiff usually worked more than 60 hours per week.

3. Defendants paid Najjarin on a day-rate basis; that is, Plaintiff was paid the same amount of money for each day worked, and was not paid for days that he did not work. Defendants did not pay Najjarin an overtime premium for any of the hours he worked in excess of 40 in a workweek.

## Allegations Regarding FLSA Coverage

4. Defendant Fountainview Mobil Car Care, Inc. is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

5. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. Defendants' business includes a convenience store that sells goods manufactured outside the state of Texas, and sells gasoline that originated outside the state of Texas. In addition, the employees in the service department work on both domestic and foreign motor vehicles, most of which were manufactured outside the state of Texas.

6. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

7. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business. The service department of Defendants' business alone often had gross sales exceeding $100,000 per month.

8. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

9. Defendant Samih Nimri owned and ran Defendant Fountainview while Plaintiff worked there. Nimri controlled the operation of the business, controlled the hours that Plaintiff worked, and controlled the manner in which Plaintiff was paid. Nimri is the person who made the decision to not pay Plaintiff overtime pay. Nimri is an "employer" as defined by the FLSA.

## Plaintiff's Claims

10. Defendants were legally required to pay Najjarin overtime pay for all hours that he worked for Defendants in excess of 40 in any workweek.

11. Najjarin worked over 40 hours in many workweeks that he worked for Defendants.

12. Defendants did not pay Najjarin time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, sometimes referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other automotive repair businesses that pay their employees all of the money required by law.

13. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff. Such

practice is a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

14. Defendants violated the FLSA by failing to pay Najjarin overtime pay for hours worked over 40 per workweek.

15. Najjarin has suffered damages as a direct result of Defendants' illegal actions.

16. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Defendant, Jurisdiction, and Venue

17. Defendant Fountainview Mobil Car Care, Inc. is a Texas corporation and an "employer" as defined by the FLSA. Fountainview may be served through its registered agent, Samih Nimri, at 9206 Westview, Houston, Texas, 77055, or wherever he may be found.

18. Defendant Samih Nimri may be served at 9206 Westview, Houston, Texas, 77055, or wherever he may be found.

19. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as DefendantS and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

20. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims; and
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF SAMIR NAJJARIN**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**